IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKVIEW EDGE PROPERTIES, LLC, | No. C-14-4396 MMC |
| Plaintiff, | **ORDER DIRECTING DEFENDANTS TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |
| v. | |
| JUDITH E. DUMLAO; TOMMY U. DUMLAO, SR. | |
| Defendants | |

Before the Court are the Notice of Removal and the Notice to Adverse Party and State Court of Removal, each filed September 30, 2014, by which defendants Judith E. Dumlao and Tommy U. Dumlao have removed from state court a complaint filed by plaintiff Parkview Edge Properties, LLC. Having read and considered defendants' filings, the Court, for the reasons discussed below, will direct defendants to show cause why the complaint should not be remanded.

The complaint alleges one claim, specifically, a claim for unlawful detainer pursuant to § 1161a of the California Code of Civil Procedure. Defendants contend the complaint is removable for two reasons.

First, defendants argue the Court has diversity jurisdiction over the complaint. A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs" and the matter is "between . . . citizens of different States." See 28 U.S.C. § 1332(a).  Here, defendants fail to allege sufficient facts to support a finding as to either element.  Defendants have not shown the matter in controversy exceeds $75,000, given that the face of the complaint indicates the matter is a "limited civil action" (see Compl. at 1:15-16), i.e., the maximum amount plaintiff can recover is $25,000. See Cal. Code Civ. Proc. § 86(a)(4).  Additionally, defendants have failed to allege sufficient facts to show the parties are diverse; specifically, defendants have alleged no facts to support a finding that each owner or member of plaintiff, which is a limited liability corporation, is a citizen of a state other than California, the state in which plaintiffs reside.  See Johnson v. Columbia Properties Anchorage, LP, 437 F. 3d 894, 899 (9th Cir. 2006) (holding "limited liability corporation" is a "citizen of every state in which its owners/members are citizens").  Consequently, defendants have failed to show the Court has diversity jurisdiction over the complaint.

Second, defendants argue that a federal question is presented by the complaint. The complaint, however, seeks relief solely under state law; to the extent defendants have raised defenses arising under federal law, such defenses do not create a federal question. See Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) (holding "federal defenses do not provide a basis for removal").

Accordingly, defendants are hereby ORDERED TO SHOW CAUSE, in writing and no later than October 24, 2014, why the instant action should not be remanded to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  October 3, 2014

MAXINE M. CHESNEY
United States District Judge